UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FRANK AIELLO, )<br>)<br>Plaintiff, )<br>v. )<br>) Civil Action No. _____<br>DRS PROCESSING, LLC; )<br>DARRYL MILLER; and )<br>DOE 1-5 )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>) | |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction pursuant to 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activity alleged herein while Plaintiff so resided.

**PARTIES**

3. Plaintiff, Frank Aiello (hereinafter "Plaintiff" or "Mr. Aiello"), is a natural person residing in Royal Palm Beach, Florida.

1

4. Defendant, DRS PROCESSING, LLC, is a North Carolina limited liability company believed to maintain its principal place of business at 10130 Mallard Creek Rd., Suite 300 in Charlotte, North Carolina.

5. Defendant DARRYL MILLER is believed to be the sole managing member of DRS PROCESSING, LLC, a debt collector, and the individual responsible for the policies and practices of the company, including the actions giving rise to each of Plaintiff's causes of action as set forth herein.

6. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

7. DRS PROCESSING, LLC, DARRYL MILLER, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

8. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

9. On or about March 6, 2020 Defendants began calling Mr. Aiello in an attempt to collect a consumer debt he allegedly owed.

10. On or about March 6, 2020, Defendants called Mr. Aiello with the use of a prerecorded message mentioning a "complaint against" Mr. Aiello that was "filed" in their office and directing Mr. Aiello to return the call. The prerecorded message did not disclose that

Defendants are debt collectors, nor that the communication was being made in an attempt to collect a debt.  This call marked the first communication between Defendants and Mr. Aiello.

11.     On information and belief, Plaintiff alleges that Defendant Miller caused the aforementioned call to be placed to Mr. Aiello with the use of a script he wrote or otherwise authorized.

12.     On or about March 6, 2020, Mr. Aiello returned the call to Defendants and spoke with a collector.  The collector Mr. Aiello spoke with never identified herself or DRS as a debt collector.  The collector claimed that Mr. Aiello would be sued for breach of contract on a credit card from Zales.  Since the last payment to Zales was made in 2010, Mr. Aiello informed the collector that DRS could not sue him because the statute of limitations had run.  The collector then falsely claimed that the statute of limitations had "been suspended" and that DRS could sue Mr. Aiello.  The collector did not disclose that Defendants are debt collectors, that the communication was being made in an attempt to collect a debt, and that any information obtained could be used for the purpose of debt collection.

13.     On or about April 2, 2020, Defendants provided a letter for Mr. Aiello, attached as Exhibit A and incorporated hereto.

14.     On information and belief, Plaintiff alleges that Defendant Miller caused the aforementioned letter to be mailed to Mr. Aiello, the content of which he wrote or otherwise authorized.

15.     Harassed and gravely concerned with Defendants' claim that they were going to attempt to sue him, Mr. Aiello retained counsel with Centennial Law Offices.

16.     Defendants failed to provide Mr. Aiello with the debt validation information required pursuant to 15 U.S.C. § 1692g(a).

17. As a direct result of the collection activity herein alleged, legal fees in the amount of $2,855.00 have been incurred.

## CAUSES OF ACTION

### COUNT I

18. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of their identity in a communication with Plaintiff, specifically that Defendants are debt collectors and that the communication was made in an attempt to collect a debt.

### COUNT II

19. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. § 1692(e)11 by failing to disclose in communications with Plaintiff that the communications were from a debt collector in an attempt to collect a debt, and that any information obtained could be used for that purpose.

### COUNT III

20. Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. §1692g(a) by failing to send Plaintiff the requisite debt validation information within 5-days of their initial communication with Plaintiff; 2.) Defendants' letter to Plaintiff, attached as Exhibit A, misrepresents 15 U.S.C. § 1692g(a)(3) by claiming that "[a] consumer can dispute all or any part of a debt at any time" but

fails to inform that a debt is assumed to be valid by the debt collector if not disputed within thirty days after receipt of the notice; and 3) Defendants' letter to Plaintiff, attached as Exhibit A, entirely omits the statement required under 15 U.S.C. § 1692g(a)(5) that upon consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## COUNT IV

21.  Plaintiff re-alleges paragraphs 1 through 17, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. § 1692e, particularly subsections 1692e(2), 1692e(5), and 1692e(10) by: 1.) Misrepresenting that they would file suit against Plaintiff; and 2.) Misrepresenting that the statute of limitations had "been suspended" with respect to the alleged debt, and 3.) Misrepresenting Plaintiff's rights under 15 U.S.C. § 1692g in a letter to Plaintiff, attached as Exhibit A, by claiming that a written request sent within 30-days "triggers validation rights" when in fact a written request pursuant to 15 USC 1692g would in fact trigger Defendants' obligation to obtain verification of the alleged debt, not validation.

## COUNT V

22.  Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. § 1692f by: 1.) Misrepresenting that litigation was pending against Plaintiff; and 2.) Misrepresenting that Defendants had been hired by HSBC Bank to serve Plaintiff with a lawsuit; and 3.)

Misrepresenting Plaintiff's rights under the FDCPA by claiming that a written request sent within 30-days "triggers validation rights."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(2);

2.) For $2,855.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. § 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 1, 2021                              s/Brooke Terpening

                                                  BROOKE TERPENING, ESQ.
                                                  Bar No. 59574
                                                  BrookeTerpening@centenniallawoffices.com
                                                  Centennial Law Offices
                                                  155 South First St. #2121
                                                  Orcutt, CA. 93457
                                                  (888)504-8817 ext. 130
                                                  (888)535-8267 fax
                                                  Attorney for Plaintiff Frank Aiello